NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JAMES COURTNEY; CLIFFORD COURTNEY, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DAVID DANNER, Chairman and Commissioner, in his official capacity as officer and member of the Washington Utilities and Transportation Commission; ANN E. RENDAHL, Commissioner, in her official capacity as officer and member of the Washington Utilities and Transportation Commission; JAY BALASBAS, Commissioner, in his official capacity as officer and member of the Washington Utilities and Transportation Commission; MARK JOHNSON, in his official capacity as executive director of the Washington Utilities and Transportation Commission, <br><br> Defendants-Appellees. | No. 19-35100 <br><br> D.C. No. 2:11-cv-00401-TOR <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, Chief District Judge, Presiding

Submitted March 30, 2020[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Seattle, Washington

Before: McKEOWN, N.R. SMITH, and NGUYEN, Circuit Judges.

James and Clifford Courtney appeal the district court's order dismissing their complaint against the executive director and commissioners of the Washington Utilities and Transportation Commission (collectively, the "WUTC"). We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *see Courtney v. Goltz*, 736 F.3d 1152, 1157 (9th Cir. 2013), we affirm.

The Courtneys seek to provide intrastate boat transportation on Lake Chelan for certain customers of Stehekin-based businesses. They contend that the WUTC's classification of their proposed services as a "public" ferry requiring a certificate of public convenience and necessity ("PCN certificate"), and its refusal to issue them one, violate their right under the Fourteenth Amendment's Privileges or Immunities Clause "to use the navigable waters of the United States." *The Slaughter-House Cases*, 83 U.S. (16 Wall.) 36, 79 (1872).

"[T]he Privileges or Immunities Clause protects only those rights 'which owe their existence to the Federal government, its National character, its Constitution, or its laws.'" *McDonald v. City of Chicago*, 561 U.S. 742, 754 (2010) (quoting *The Slaughter-House Cases*, 83 U.S. at 79). The right to use the

---

**      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

navigable waters of the United States is a national right because such waters are channels of interstate and foreign commerce, and the Constitution delegates power over those areas to Congress. *See Braniff Airways v. Neb. State Bd. of Equalization & Assessment*, 347 U.S. 590, 597 (1954) (explaining that Congress's commerce power is "the . . . constitutional basis which, under decisions of the Supreme Court, has given rise to a public easement of navigation in the navigable waters of the United States").

Historically, states—not the federal government—regulated ferry franchises with the power to exclude a franchisee's potential competitors from the market. *See Conway v. Taylor's Ex'r*, 66 U.S. (1 Black) 603, 635 (1861) ("[T]he States have [always] exercised the power to establish and regulate ferries; Congress never."). An intrastate ferry franchise is a property right, and "[r]ights of commerce give no authority to their possessor to invade the rights of property." *Id.* at 634; *see also Merrifield v. Lockyer*, 547 F.3d 978, 983 (9th Cir. 2008) (holding that state licensing requirement impeding state resident from practicing particular profession within the state does not implicate the Privileges or Immunities Clause, which in general "bar[s] . . . claims against 'the power of the State governments over the rights of [their] own citizens'" (quoting *The Slaughter-House Cases*, 83 U.S. at 77)).

The Courtneys' proposed ferry services, whether classified as "public" or "private,"[1] do not involve interstate or foreign commerce. Therefore, the WUTC's determination that the proposed services would interfere with the current ferry operator's franchise rights does not affect the Courtneys' privileges or immunities as citizens of the United States.

**AFFIRMED.**

---

[1] We do not decide whether, for federal constitutional purposes, the Courtneys' proposed services should be classified as "private" and thus distinguishable from the proposed service at issue in their prior appeal. *See Courtney*, 736 F.3d at 1162 ("[T]he Privileges or Immunities Clause of the Fourteenth Amendment does not protect a right to operate a public ferry on Lake Chelan . . . ."). Nor do we decide the relevance to this question, if any, of the WUTC's classification of the proposed services as "public" under the state law requiring PCN certification. *See* Wash. Rev. Code § 81.84.010(1).